### INDEPENDENT COUNCIL NO. 2, JUNIOR ORDER OF UNITED AMERICAN MECHANICS OF THE DISTRICT OF COLUMBIA v. LUCAS et al.

(Court of Appeals of District of Columbia.    Submitted March 9, 1921.    Decided April 4, 1921.)

### No. 3473.

1. Insurance ⬳750—Member having option of paying fraternal benefit dues at end of quarter is not in "arrears" until then.

A member of a fraternal benefit association, who had the option of paying his dues weekly, monthly, or quarterly, is not in arrears on the payment of dues until the end of the quarter, within a provision of the constitution prohibiting payment of benefits where the member is three months or over in arrears for weekly dues, since "arrears" is defined as that which is behind in payment, or which remains unpaid, though due, and therefore the association is liable on the certificate, where the member died within one month after the expiration of the first quarter for

which no payment was made, at which time he was then only 30 days in arrears.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arrears.]

**2. Insurance ⟨key⟩726—Constitution of fraternal benefit association held to exclude evidence of construction.**

The provision of the constitution of a fraternal benefit company that no benefits shall be paid to a member who is three months or over in arrears for weekly dues, which he had an option to pay quarterly, is too plain and unambiguous to permit of evidence on behalf of the company that the provision was construed to prevent payment where the weekly dues had not been paid by the member during an entire quarter.

Appeal from the Supreme Court of the District of Columbia.

Action by Ernest E. Lucas and others against the Independent Council No. 2, Junior Order of United American Mechanics of the District of Columbia, a corporation. Judgment for plaintiffs, and defendant appeals. Affirmed.

George W. Dalzell, of Washington, D. C., and Alex. M. De Haven, of Philadelphia, Pa., for appellant.

Chapin Brown and C. B. Bauman, both of Washington, D. C., for appellees.

HITZ, Sitting Associate Justice. This is an appeal from a judgment of the Supreme Court of the District of Columbia, based upon a verdict in favor of the appellees.

The facts shown by the bill of exceptions are that one John W. Lucas was for some 20 years a member of the appellant corporation, which is a fraternal beneficial association, connected with two funeral benefit associations.

Under the constitution and by-laws of the appellant a member is required to pay certain dues, with the proviso that they "shall be paid weekly, monthly or quarterly."

A member in good standing is entitled to specified sick benefits, and, upon his death, the association undertakes to pay $500 to the beneficiaries or representatives of the deceased.

In this case no beneficiary was named, and upon the death of John W. Lucas, which occurred August 6, 1916, claim for the $500 was made by the appellees as his only heirs at law and next of kin.

Section 4 of article 10 of the appellant's constitution provides that no member shall be entitled to any of the benefits arising from sickness, or to funeral benefits "who is three months or over in arrears for weekly dues."

John W. Lucas had paid his dues for the quarter ending March 31, 1916, in full. He was taken sick July 14, 1916, and the financial secretary of the appellant was notified of that fact. Later it became apparent that Mr. Lucas was dangerously ill, and on the evening of August 5th, which was Saturday, his brother called at the home of the financial secretary to pay his dues, but that officer not being in, word was left with his wife as to the object of the visit, with request that the secretary call Lucas' brother over the telephone.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The secretary did so telephone on the same evening, and stated that the dues were $4.30 and could be paid by check; he undertaking to date the receipt to correspond with that of the check, which was thereupon mailed.

On the Monday following, August 7th, the secretary, with knowledge of the death of John W. Lucas the day before, visited the house and left a receipt for the above amount, dated August 5th, and reciting that the payment was "in full dues to date."

The check was never cashed, and about one month later was tendered back to the brother who drew it, which tender was refused.

The secretary was introduced as a witness by the appellees, and he testified that John W. Lucas was irregular in his payments; that he was a charter member of the appellant and secretary for a number of years; that the appellant by action repeatedly taken, with the knowledge of John W. Lucas, had never paid benefits to a member indebted for 13 weeks dues from the time of the first meeting night of the quarter; and that such was the construction placed upon its by-laws by the appellant.

No testimony was offered by the appellant, and its attorney moved the court for a directed verdict in its favor on the ground that John W. Lucas was not in good standing at the time of his death; he being indebted and in arrears for a sum in excess of one quarter's dues, reliance being also placed upon the construction of the by-laws by the appellant as above set forth.

This motion was denied, and thereupon the trial court, at the request of the appellees, directed a verdict in their favor.

There are 11 assignments of errors, but the case is to be disposed of by a determination as to whether John W. Lucas was in good standing in the order at the time of his death, under the facts presented and the proper construction of the laws of the appellant respecting the payment of dues.

[1] Leaving out of consideration the transaction between the brother of the deceased and the financial secretary of the appellant which resulted in the acceptance of the check and the giving of the receipt, with knowledge of the secretary that Mr. Lucas was very ill and not expected to live, the question is whether the member was in "arrears" at the date of his death. His dues had been paid in full for the quarter ending March 31, 1916, and by the express provisions of section 4 of article 3 of the by-laws, already referred to, it was the privilege of the member to pay the dues accruing during the three months ending June 30, 1916, either in weekly or monthly installments or at the end of the quarter, so that the payment was not overdue until July 1, 1916, nor could the member be said to be in arrears until the last-mentioned date, at which time the condition of being in arrears would necessarily commence.

No difference can be perceived between this situation and that arising from the giving of a note payable on or before 90 days after date.

In such a case the maker of the note would have the option of payment before maturity, but he would not be in arrears with respect to his obligation until after the note became due.

In this case the constitution of the appellant, quoted in the statement of facts, expressly provides that no funeral benefits shall be payable where the member "is three months or over in arrears for weekly dues," and we hold that to bring Mr. Lucas within the disqualification of this provision his death must have occurred, without any payment, after the expiration of 3 months from June 30, 1916, which was not the case.

Aside from the plain meaning of the word "arrears," as commonly understood, and the definition by Webster, which is "that which is behind in payment, or which remains unpaid, though due," the exact point was decided in the case of Wiggin v. Knights of Pythias (C. C.) 31 Fed. 122, in accordance with this decision.

[2] But it is said that there was evidence of a construction placed upon the word "arrears" by the appellant with the knowledge of Mr. Lucas.

Here, however, the language is so plain and unambiguous, and the word in question has such a well-understood meaning, that a court should not be bound by such a narrow construction in its own favor made by the appellant, while using the word without any qualification or indication that it is not to be taken and acted upon according to its common acceptation.

The result is that the judgment below must be affirmed, with costs, and it is so ordered.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in place of Mr. Justice ROBB in the hearing and determination of this appeal.